IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW BONZANI,

      Plaintiff,      No. 2:11-cv-0007-EFB

   vs.

ERIC K. SHINSEKI, Secretary of Veterans
Affairs; SCOTT HUNDAHL, M.D.

      Defendants.     <u>ORDER</u>

_____/

     This action is before the undersigned based on the consent of the parties.  *See* Dckt. No. 18; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(c).  Defendants move to dismiss plaintiff's Family Medical Leave Act ("FMLA") claim against defendant Dr. Scott Hundahl pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.  Dckt. No. 36. Additionally, defendants seek to strike plaintiff's request for a jury trial on plaintiff's FMLA claim against the Secretary.  *Id.*  For the reasons stated herein, defendants' motion to dismiss will be denied and defendants' motion to strike will be granted.

I. <u>BACKGROUND</u>

     On December 31, 2010, plaintiff Matthew Bonzani, M.D., a former anesthesiologist at the Sacramento VA Medical Center in Sacramento, California, filed a disability discrimination complaint against defendants Eric K. Shinseki, Secretary of Veterans Affairs (the "Secretary");

1    Scott Hundahl, M.D., also a doctor at the Sacramento VA Medical Center; and ten unnamed doe

2    defendants, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. ("Rehabilitation

3    Act"), the FMLA, and 5 U.S.C. § 2302.  Compl., Dckt. No. 1.

4           The complaint alleges that in April 2009, plaintiff exacerbated an injury in his knee, that

5    he was required to have surgery on his knee, and that he had to take four weeks off work to

6    recuperate.  *Id.* ¶¶ 17, 18.  Plaintiff alleges that after he returned to work in July 2009, his

7    supervisor, Dr. Hundahl, yelled at plaintiff on more than one occasion, and told plaintiff that his

8    absence caused working conditions to deteriorate.  *Id.* ¶¶ 19, 20.  Plaintiff further alleges that

9    from July 2009 to March 2010, Dr. Hundahl required plaintiff to work extra on-call shifts, failed

10   to return plaintiff's emails and phone calls, and would not agree to meet with plaintiff.  *Id.* ¶¶ 21,

11   22.  Plaintiff also alleges that he was excluded from the interviewing and hiring process for an

12   open Staff Anesthesiologist position in the fall of 2009, and that in December 2009, he resigned

13   from his position as Chief of Anesthesiology because Dr. Hundahl's "cold shoulder treatment

14   and other obstructions" made plaintiff unable to perform that role.  He alleges that for those

15   reasons he requested that he be reassigned to the open Staff Anesthesiologist position.  *Id.* ¶¶ 23,

16   24.

17          Finally, plaintiff alleges that in January 2010, he was notified in writing by Dr. Hundahl

18   that plaintiff's contract would expire on March 18, 2010 and it would not be renewed and that

19   when plaintiff asked Dr. Hundahl why his contract would not be renewed, Dr. Hundahl told him

20   it was because plaintiff took too long to recuperate from his knee surgery and he took too much

21   sick leave.  *Id.* ¶¶ 14, 25.

22          On September 26, 2011, an order issued granting in part and denying in part defendants'

23   motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  Dckt. No. 28.  The order dismissed

24   plaintiff's Section 504 Rehabilitation Act claim as to all defendants without leave to amend;

25   dismissed plaintiff's Section 501 Rehabilitation Act claim against defendant Dr. Hundahl

26   without leave to amend; dismissed plaintiff's claim under § 2615(a)(2) or § 2615(b) of the

1   FMLA with leave to amend; and dismissed plaintiff's claim under 5 U.S.C. § 2302 as to all

2   defendants without leave to amend.  *Id.*  The order denied defendants' motion to dismiss

3   plaintiff's claim under § 2615(a)(1) of the FMLA.  *Id.*  Because plaintiff did not file an amended

4   complaint, plaintiff's remaining claims are: (1) a Section 501 Rehabilitation Act claim against

5   the Secretary, and (2) a claim under § 2615(a)(1) of the FMLA against all defendants.  Dckt. No.

6   32 at 2.

7         Defendants now move to dismiss plaintiff's FMLA claim against Dr. Hundahl and seek

8   to  strike plaintiff's request for a jury trial on plaintiff's FMLA claim.  Dckt. No. 36.  Plaintiff

9   opposes the motion.  Dckt. No. 38.

10  II.    <u>MOTION TO DISMISS</u>

11        Defendants move to dismiss plaintiff's claim under § 2615(a)(1) of the FMLA as against

12  defendant Dr. Hundahl pursuant to Rule 12(b)(6), arguing that Dr. Hundahl is not a proper

13  defendant because (1) as a public employee, he is not an employer subject to individual liability

14  under the FMLA, and (2) the complaint only alleges actions taken by Dr. Hundahl in his official

15  capacity and such a claim is the equivalent of plaintiff's FMLA claim against the Secretary.

16  Dckt. No. 36.  Defendants argue that to the extent plaintiff seeks to impose personal liability on

17  Dr. Hundahl under the FMLA, the complaint does not allege sufficient facts to state such an

18  individual liability claim.  *Id.*  Plaintiff opposes the motion, arguing that: (1) public employees

19  can be individually liable as "employers" under the FMLA; and (2) plaintiff has plead sufficient

20  facts to hold Dr. Hundahl individually liable under the FMLA.  Dckt. No. 38.

21        A.    <u>Standard of Review</u>

22        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

23  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

24  contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

25  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

26  . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

1  action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

2  236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

3  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

4  (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

5  pleads factual content that allows the court to draw the reasonable inference that the defendant is

6  liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of

7  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

8  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9  In considering a motion to dismiss, the court must accept as true the allegations of the

10  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

11  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

12  in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

13  (1969).  The court will "'presume that general allegations embrace those specific facts that are

14  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

15  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  However, "[t]he

16  court is not required to accept legal conclusions cast in the form of factual allegations if those

17  conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

18  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable

19  inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624

20  (9th Cir. 1981).

21  The court may consider facts established by exhibits attached to the complaint.  *Durning*

22  *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

23  which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

24  public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South*

25  *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

26  ////

1    B.    Public employees can be individually liable as "employers" under the FMLA

2    Defendants seek to dismiss plaintiff's FMLA claim against Dr. Hundahl, arguing that a

3    public employee cannot be individually liable as an employer under the FMLA.  Defendants and

4    plaintiff both acknowledge a split in authority at the circuit and district court levels on this issue.

5    Dckt. Nos. 36, 38.  The Ninth Circuit has yet to provide a controlling decision on the

6    interpretation of the FMLA's definition of "employer."

7    The circuit courts that have addressed the issue are split on whether a public employee

8    can be individually liable as an employer under the FMLA.  The Third, Fifth, and Eighth

9    Circuits have held that public employees can be personally liable under the FMLA, while the

10   Sixth and Eleventh Circuits have held that public employees are not individually liable under the

11   FMLA.  *Haybarger v. Lawrence County Adult Probation & Parole,* 667 F.3d 408 (3d Cir. 2012);

12   *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006); *Darby v. Bratch,* 287 F.3d 673 (8th Cir. 2002);

13   *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003); *Wascura v. Carver*, 169 F.3d 683 (11th Cir.

14   1999).

15   The district courts are also split, with a majority favoring individual liability for public

16   employees under the FMLA.  *Compare Sheaffer v. County of Chatham*, 337 F. Supp. 2d 709,

17   728 (M.D.N.C. 2004); *Cantley v. Simmons*, 179 F. Supp. 2d 654, 657 (S.D. W.Va. 2002);

18   *Knussman v. State of Md.,* 935 F. Supp. 659, 663-64 (D. Md. 1996)*; Kilvitis v. County of*

19   *Luzerne*, 52 F. Supp. 2d 403, 411-16 (M.D. Pa. 1999); *Meara v. Bennett,* 27 F. Supp. 2d 288 (D.

20   Mass. 1998); *Smith v. Westchester County*, 769 F. Supp. 2d 448 (S.D.N.Y. 2011) (all holding

21   that public employees can be individually liable under FMLA) *with Sadowski v. U.S. Postal*

22   *Serv.*, 643 F. Supp.2d 749 (D. Md. 2009); *Keene v. Rinaldi*, 127 F. Supp. 2d 770 (M.D.N.C.

23   2000); *Frizzell v. S.W. Motor Freight, Inc.*, 906 F.Supp. 441 (E.D. Tenn 1995) (all holding that

24   public employees cannot be individually liable).  Within the Ninth Circuit, there is district court

25   authority that public employees can be individually liable under the FMLA.  *See Mercer v.*

26   *Borden*, 11 F. Supp. 2d 1190 (C.D. Cal. 1998) (finding that liability extends to managing

5

1  individuals under the FMLA consistent with precedent under the FLSA); *Morrow v. Putnam*,

2  142 F. Supp. 2d 1271 (D. Nev. 2001) (finding that a public employee can be individually liable

3  under the FMLA).

4       While persuasive authority seems to point to allowing liability for public employees

5  under the FMLA, without controlling authority this court begins by examining the text of the

6  statute itself.  *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (When

7  interpreting the meaning of a statute, the court looks first to the language of the statute itself).

8  The plain meaning of the statute controls, except in rare cases in which the literal application of

9  the statutory language would compel an odd result or produce a result demonstrably at odds with

10  legislative intent.  *See Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 454 (1989); *Ron Pair*,

11  489 U.S. at 242.

12       The FMLA provides a private cause of action against an "employer" who violates the

13  substantive protections of the Act.  *See* 29 U.S.C. § 2617(a).  The FMLA defines employer as

14  follows:

15      (4) Employer

16      (A) In general

17      The term "employer"--

18        (I) means any person engaged in commerce or in any industry or activity
affecting commerce who employs 50 or more employees for each working day

19  during each of 20 or more calendar workweeks in the current or preceding
calendar year;

20

21       (ii) includes--
      (I) any person who acts, directly or indirectly, in the interest of an
employer to any of the employees of such employer; and

22        (II) any successor in interest of an employer;

23       (iii) includes any "public agency", as defined in section 203(x) of this title; and

24       (iv) includes the Government Accountability Office and the Library of
Congress.

25

26  ////

(B) Public agency

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4) (1994).

Defendants urge the court to follow the Sixth Circuit's in-depth statutory construction analysis and reasoning in *Mitchell*, and conclude that public employees cannot be held liable under the FMLA.[1]  First, the *Mitchell* court found that the definition of employer in § 2611(4)(A) "explicitly separates the individual liability provision [§ 2611(4)(A)(ii)] and public agency provision [§ 2611(4)(A)(iii)] into two distinct clauses," and concluded that in so structuring the statute, Congress intended subsection (4)(A)(ii) to create individual liability for persons acting on behalf of private employers described in (4)(A)(I), but not for persons acting on behalf of public employers defined by subsections (4)(A)(iii) and (iv).  *Mitchell*, 343 F.3d at 829.  Second, the *Mitchell* court said that treating the individual liability and public agency clauses of § 2611(4)(A) as interrelated would render superfluous other provisions of the statute, including subsection (4)(B), and would conflict with 29 C.F.R. § 825.104(a), which defines which employers are covered by the FMLA and states that "individuals such as corporate officers" may be individually liable but notably does *not* include supervisors or other individuals working for

---

[1] The Eleventh Circuit, the other circuit to find no individual liability for public employees under the FMLA, relied on the FMLA's similarity to the Federal Labor Standards Act ("FLSA") and Eleventh Circuit precedent applying the latter statute.  The court found that the definition of employer under the FMLA and FLSA were "materially identical," and then based its finding of no public official liability on FLSA precedent in the Eleventh Circuit that established "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA."  *Wascura*, 169 F.3d at 686 (citing *Welch v. Laney*, 57 F.3d 1004, 1010 (11th Cir. 1995)).  No such FLSA precedent exists in the Ninth Circuit and most circuit courts have held that the FLSA extends liability to supervisory personnel. *See Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 676-79 (1st Cir. 1998); *United States Dep't of Labor v. Cole Enters., Inc*., 62 F.3d 775, 778-79 (6th Cir. 1995); *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).  And, contrary to Eleventh Circuit precedent, supervisory personnel liable under the FLSA include those who are employed by public agencies. *See, e.g.*, *Lee v. Coahoma County*, 937 F.2d 220, 226 (5th Cir. 1991).  Therefore, the holding in *Wascura* is neither controlling nor particularly helpful here.

7

1    public agencies.  *Id.* at 830-31.  Finally, the *Mitchell* court found that, although most courts have

2    interpreted the FLSA definition of employer to provide for individual liability, and even though

3    the definition of employer under the FLSA and FMLA are similar, in enacting the FMLA

4    definition of employer, Congress intentionally removed "public agency" from the definition in

5    order to "disconnect it from liability based on a person acting directly or indirectly in the interest

6    of an employer," thereby correcting the ambiguity that is present in the FLSA and making it

7    clear that individual liability and public agency liability are separate and distinct.  *Id.* at 832.

8          On the other hand, the Fifth Circuit in *Modica*, as well as the Third Circuit in *Haybarger*,

9    responded directly to each of the factors considered by the *Mitchell* court.  *Modica*, 465 F.3d at

10   185-87; *Haybarger*, 667 F.3d at 413-17.  First, the *Modica* court addressed the argument that the

11   public agency provision and individual provision are separated into two distinct clauses under

12   the FMLA definition of employer.  The Fifth Circuit explained that "Congress's use of the word

13   'and' following clause (iii) suggests that there is some relationship between clauses (I)-(iv)."  *Id.*

14   at 185 (*accord Hewett v. Willingboro Bd. of Educ.*, 421 F. Supp. 2d 814, 819 (D.N.J. 2006)).

15   Furthermore, the statute plainly includes in the definition of employer the rather sweeping

16   language "any person who acts, directly or indirectly, in the interest of an employer to any of the

17   employees of such employer."  29 U.S.C. § 2611(4)(A)(ii)(I).  The statute further includes public

18   agencies as employers.  *Id.* § 2611(4)(A)(iii).  Therefore the most simple reading of the statute

19   indicates that if a public employee "acts, directly or indirectly, in the interest of an employer,"

20   she or he satisfies the definition of employer under the FMLA, and therefore, may be subject to

21   individual capacity liability.  *Modica*, 465 F.3d at 184 (*accord Darby*, 287 F.3d at 681).

22         Second, the Fifth Circuit in *Modica* responded to the argument that treating the sections

23   as interrelated would render superfluous other provisions by noting that while the FMLA

24   definition of employer may become repetitive, "there is no reason to assume that the term

25   'employer' in subparagraph 4(A)(ii) means anything other than what Congress defined it to mean

26   in the various definitions of paragraph 4(A)."  465 F.3d at 185 (quoting *Morrow*, 142 F. Supp. 2d

8

at 1272-73).  Additionally, when the definition is incorporated into itself "[c]ontrary to the *Mitchell* court's reasoning, section 2611(4)(B) is not superfluous under this reading, it relieves plaintiffs of the burden of proving that a public agency is engaged in commerce."  *Modica* 465 F.3d at 186 (quoting *Hewett*, 421 F. Supp. 2d at 820).

Finally, the Fifth Circuit addressed in *Modica* the argument that the FMLA is distinct from the FLSA definition of employer and the difference indicates the legislative intent for a different meaning.

> The definition of "employer" under the FMLA is very similar to the definition of "employer" under the FLSA. The FLSA includes within the definition of "employer" "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). Accordingly, several courts have concluded that the term "employer" should be interpreted the same under both statutes.

465 F.3d at 186-87.  The difference between the definitions of employer under the two acts is that under the FLSA there is reference to labor organizations and under the FMLA the definition includes successors in interest.  These differences are easily explained as act-specific definitions and do not appear to alter the meaning of the definition as to public employees.  *See id.* (citing *Hewett*, 421 F. Supp. 2d at 821, which rejected the *Mitchell* court's analysis regarding Congress's failure to reference the FLSA in the FMLA's definition of employer and noted "it would have been curious for the FMLA to have incorporated the FLSA's definition of 'employer,' as that definition makes explicit reference to 'labor organizations' ").

While the law on the issue remains unresolved in this circuit, this court agrees with the *Modica*, *Haybarger,* and *Darby* courts and finds that the similarity between the FMLA and the FLSA suggests that Congress intended the statutes to be treated the same.  Because the FLSA provides that an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency," this court agrees that the FMLA similarly permits individual liability against supervisors at public agencies.

C.    Plaintiff has plead sufficient facts to hold Dr. Hundahl individually liable.

Defendants also argue that the FMLA claim against Dr. Hundahl should be dismissed because the complaint only alleges acts performed by Dr. Hundahl in his official capacity.  Dckt. No. 36 at 2.  Defendants argue that the complaint does not allege that Dr. Hundahl acted in his individual capacity and "does not identify any acts by [Dr.] Hundahl that were taken outside his role as Chief of Surgery and plaintiff's supervisor," and therefore, Dr. Hundahl cannot be personally liable.  *Id.*  Defendants also argue that because Dr. Hundahl would be unable to provide the relief plaintiff seeks (actual lost wages/back pay and lost retirement benefits), plaintiff's claim against Dr. Hundahl is equivalent to his claim against the Secretary.

This suggestion that the claims are, in essence, redundant has its appeal.  However, the complaint further asserts conduct specific to Dr. Hundahl; alleging that he yelled at plaintiff, cursed at him for taking leave, ignored him, assigned him to more on-call shifts after returning from leave, signed the letter telling plaintiff his contract would not be renewed, and -- significantly -- then explained to plaintiff that the contract was not renewed because of plaintiff's leave.  Compl. ¶¶ 19, 20, 24, 21, 25.  Plaintiff argues that all these actions "are 'individual' action[s] because violating a law can never be an 'official' duty."  Dckt. No. 38 at 6.

Given the court's conclusion above that a public employee can be liable as an "employer" under the FMLA, and plaintiff's individualized allegations of Dr. Hundahl's actions allegedly violating the FMLA, Dr. Hundahl is not protected merely by claiming his actions fall within the scope of his employment.  Discovery may reveal that Dr. Hundahl did not exercise the requisite level of authority over plaintiff's employment to be considered an employer under the FMLA.  However, the court cannot say as a matter of law that Dr. Hundahl's position as a supervisor of a public agency compels this result.  Therefore, defendants' motion to dismiss is denied.

////

////

III.     MOTION TO STRIKE DEMAND FOR A JURY TRIAL

Defendants also seek to strike plaintiff's request for a jury trial as to plaintiff's FMLA claim against the Secretary, because the United States has not expressly waived sovereign immunity for a jury trial under the FMLA.[2]  Dckt. No. 36 at 8.

"There is no general right to a trial by jury in actions against the federal government." *KLK, Inc. v. U.S. Dep't of Interior*, 35 F.3d 454,456 (9th Cir. 1994) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).  Waiver of sovereign immunity does not grant a right to trial by jury; rather, "a jury trial right must be clearly provided in the legislation creating the cause of action." *Id.* (citing *Lehman*, 453 U.S. at 162 n.9).  Because the FMLA does not contain any express provisions granting a right to a jury trial, the government has not consented to a trial by jury in FMLA claims against the government.  *See Steinhardt v. Potter*, 326 F. Supp. 2d 449, 451 (S.D.N.Y. 2004) (citing *Davis v. Henderson*, 238 F.3d 420 (6th Cir. 2000)).  Here, plaintiff's failure to respond to defendant's motion to strike is construed as a statement of non-opposition to that motion.  Therefore, while plaintiff does have a right to a jury trial on his Rehabilitation Act claim, and defendants have not moved to strike the jury demand on plaintiff's FMLA claim against Dr. Hundahl, the court will strike plaintiff's request for a jury trial as to the FMLA claim against the Secretary.  *See Miller v. Runyon*, 88 F. Supp. 2d 461, 473 (M.D.N.C. 2000) (acknowledging the right to jury trial under § 501 of the Rehabilitation Act).

////

////

////

---

[2] Defendants do not move to strike plaintiff's request for a jury trial on the Rehabilitation Act claim and have not requested to strike the jury demand on plaintiff's FMLA claim against Dr. Hundahl.  *See* Dckt. No. 36 at 8.  Specifically, the motion to strike requests only that the jury demand be stricken as to the FMLA claim "against the Secretary."  *Id.*  Although the motion later requests that the jury demand be stricken on the "FMLA claim," *id.*, defendants reiterate in their reply brief that "the Secretary" is seeking to strike the jury demand on plaintiff's FMLA claim.  Dckt. No. 39 at 8.

III.     CONCLUSION

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Defendants' motion to dismiss plaintiff's FMLA claim against Dr. Hundahl, Dckt. No. 36, is denied; and

        2.  Defendants' motion to strike plaintiff's request for a jury trial on his FMLA claim against the Secretary, Dckt. No. 36, is granted.

DATED:  September 11, 2012.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE