IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW BONZANI,

    Plaintiff,                                    No. 2:11-cv-0007-EFB

    vs.

ERIC K. SHINSEKI, Secretary of Veterans     ORDER
Affairs; SCOTT HUNDAHL, M.D.

    Defendants.
_____/

       This action is before the undersigned based on the consent of the parties. *See* Dckt. No. 18; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(c). Defendants' motion for summary judgment was before the court on January 23, 2013. Joanne Delong appeared on behalf of plaintiff, and Lynn Trinka Ernce of the United States Attorney's Office appeared for defendants.

       At the hearing, the court first addressed plaintiff's Family and Medical Leave Act claim against defendant Hundahl. Defendants argued that defendant Hundahl was entitled to summary judgment because he did not have the requisite level of control over plaintiff's employment to constitute an "employer" under the governing statute. After hearing defendants' arguments, the court asked plaintiff's counsel what evidence created a genuine dispute that defendant Hundahl had the authority to hire and fire plaintiff. In response, counsel referenced an email sent by defendant Hundahl that allegedly showed that it was his decision to not renew plaintiff's

1

employment contract. Counsel explained that the email was attached as Exhibit 4 to the Deposition of Dr. William Cahill.

Plaintiff's opposition makes no reference to the email relied upon by plaintiff's counsel at the hearing. Further, the exhibits submitted with plaintiff's opposition do not contain the referenced email. Local Rule 260(b) provides that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers." Local Rule 133(j) provides:

> Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.

The evidence plaintiff's counsel wishes the court to consider was not cited in plaintiff's opposition, nor was it submitted as an exhibit. While a hard copy of the deposition was lodged with the Clerk, this court has not ordered the Deposition of Dr. William Cahill to be part of the official record. Accordingly, the evidence relied upon by plaintiff was not properly before the court for consideration. Notwithstanding counsel's failure to comply with the Local Rules, the court will consider Exhibit 4 to the Deposition of Dr. William Cahill in deciding defendants' motion for summary judgment. Plaintiff's counsel is admonished that in the future she must comply with the court's local rules and the Federal Rules of Civil Procedures.

Since defendants have not had an opportunity to address Exhibit 4 to the Deposition of Dr. Williams, defendants shall submit supplemental briefing addressing this document's impact, if any, on their motion for summary judgment.

////

////

2

Accordingly, it is hereby ORDERED that:

1. Defendants shall file and serve supplemental briefing addressing Exhibit 4 to the Deposition of Dr. William Cahill no later than February 11, 2013;

2. Plaintiff's response, if any, shall be filed and served within 14 days of service of defendants' supplemental briefing;

3. Due to the additional briefing and the court's schedule, the final pretrial conference is continued from April 17, 2013, to Wednesday, June 12, 2013, at 10 a.m. in Courtroom No. 8;

4. Trial is reset to commence before the undersigned on Tuesday September 10, 2013, at 9:30 a.m. in Courtroom No. 8;

5. Counsel are referred to the Rule 16 scheduling order, Dckt. No. 32, for instruction regarding the final pretrial conference.

DATED: January 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE