UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BONZANI, | No. 2:11-cv-0007-EFB |
| Plaintiff, | |
| v. | ORDER |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs; SCOTT HUNDAHL, M.D., | |
| Defendants. | |

This matter was before the court on December 18, 2013, for hearing on defendants' motion to modify the scheduling order and for imposition of sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(c)(1). ECF No. 70. Attorney Joanne DeLong appeared on behalf of plaintiff; attorney Lynn Ernce appeared on behalf of defendants.

Defendants previously raised the issue of Rule 37 sanctions in the context of a motion for summary judgment which included an argument that pursuant to Rule 37(c)(1) plaintiff should not be able to recover damages, because of his repeated violations of Rule 26(a), except for lost wages for a two week period when plaintiff was unemployed after leaving the Sacramento VA Medical Center. ECF No. 42-1 at 53-57. The order denying summary judgment also denied, without prejudice, the request to preclude damages beyond the two weeks of lost wages. ECF No. 63 at 24-25 n.13. The order explained that pursuant to the court's scheduling order, all

1

1  discovery disputes were to be resolved by August 31, 2012. *Id.*; *see* ECF No. 32 at 3.
2  Defendants had not sought modification of the scheduling order to allow hearing on the motion
3  for sanctions pursuant to Rule 37(c)(1) and therefore the motion was denied without prejudice.
4  Defendants were informed that they could renew the motion together with a motion seeking
5  modification of the court's scheduling order pursuant to Rule 16(b)(4). Defendants have renewed
6  the request and have addressed the Rule 16 standards for extending the discovery cutoff deadline
7  for hearing discovery-related motions.

8      For the reasons stated on the record, the court finds good cause for modifying the
9  scheduling order, and considers defendants' Rule 37(c)(1) motion for sanctions on the merits.
10 However, for the reasons stated at the hearing the court declines to impose evidentiary sanctions
11 but instead imposes monetary sanctions. The court further modifies the schedule to permit
12 defendants to conduct all discovery they would have conducted had plaintiff complied with the
13 discovery rules.

14 I.    RELEVANT FACTS

15     The crux of defendants' Rule 37 motion is their contention that plaintiff failed to provide a
16 calculation of damages or identify and make available any supporting documents. The facts
17 pertinent to the motion are essentially undisputed. On December 15, 2011, plaintiff provided
18 defendants his initial disclosures pursuant to Rule 26(a). Defs.' Exs. ISO Mot. for Sanctions,
19 ECF No. 70-2 at 11-14 (Ex. B). The initial disclosures identified two categories of damages, lost
20 wages and lost benefits, including Federal Employee Retirement System benefits ("FERS"). *Id.*
21 at 14. Under each category of damages, plaintiff stated that computation of damages could not be
22 quantified without further discovery. *Id.* On December 20, 2011, defendants emailed plaintiff to
23 inform him that his disclosures were deficient because he had failed to include a computation of
24 damages. *Id.* at 16-17 (Ex. C). On December 23, 2011, plaintiff responded to the December 20
25 email, stating that [a]lthough I could come up with a rough estimate of lost wages, I thought it
26 would be wiser to get the actual pay data and calculate a specific number." Pl.'s Opp'n to Defs.'
27 Mot. for Sanctions, ECF No. 73-1 (Ex. A).
28 /////

1  In plaintiff's January 3, 2012 supplemental disclosures, he stated that his net biweekly pay was $6,048.63, but that "[h]is gross pay is the true measurement of [lost wages], and that amount will be quantified when Plaintiff's discovery requests have been answered." ECF No. 70-2 at 22 (Ex. D). He again stated that he would be seeking damages for lost benefits, including FERS, but that computation of lost benefits could not be quantified without further discovery. *Id*. Plaintiff's February 28, 2012 second supplemental disclosures did provide a calculation for lost wages, but again stated he could not calculate lost benefits without further discovery. *Id*. at 27 (Ex. E).

On August 15, 2012, defendants deposed plaintiff. During the deposition, defendants' counsel asked plaintiff if he had "some kind of estimate as to what you think the retirement benefits are that are owed to you in this lawsuit." *Id*. at 35 (Ex. F). Plaintiff's answer was no. *Id*. Plaintiff's counsel, however, stated that plaintiff would be offering an expert that will provide a computation for retirement benefits. *Id*. Plaintiff's August 31, 2012 third supplemental disclosures also stated plaintiff's intention to offer an expert witness who would calculate the damages for plaintiff's lost retirement benefits. *Id*. at 42 (Ex. G).

Although all discovery in this action was to be completed by August 31, 2012, ECF No. 32 at 3, plaintiff waited until September 14, 2012, to provide defendants with his expert report, which revealed that plaintiff was seeking $675,238 in total damages, ECF No. 70-2 at 64 (Ex. J). On October 2, 2012, defendants emailed plaintiff to inform him that his expert had relied on documents that had not previously been produced or disclosed, including plaintiff's employment agreement and shareholder report from his current employer, and W-2 forms showing his income after he left the VA. *Id*. at 80-81 (Ex. K). Defendants informed plaintiff that not only should these documents have been provided in his initial disclosures, but they were also directly responsive to a number of defendants' discovery requests. *Id*.

Although time for conducting discovery had closed, in his fourth supplemental disclosures, plaintiff provided defendants with the documents his expert relied upon in calculating lost benefits. *Id*. at 87 (Ex. L).

/////

/////

3

Defendants now request that plaintiff be precluded from introducing evidence at trial relating to damages for lost benefits based on plaintiff's failure to timely provide defendants with a calculation for each category of damages as required by Rule 26(a).

II.  RULE 37(c)(1) MOTION

Rule 26 requires a party to make certain initial disclosures "without awaiting a discovery requests." Fed. R. Civ. P. 26(a)(1)(A). The rule expressly requires that plaintiff provide to other parties "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The plaintiff is also required to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based." *Id*. Rule 26(e) creates an obligation for parties to supplement the information disclosed under Rule 26(a) in a timely manner, including its computation of damages. Fed. R. Civ. P. 26(e). "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure. However, cases have held that the computation of damages required by Rule 26(a)(1)(C) contemplates some analysis; for instance, in a claim for lost wages, there should be some information related to hours worked and pay rate." *Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013) (internal quotation marks and citations omitted) (quoting *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003)).

Rule 37(c)(1) provides that where a party fails to provide the information "required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The burden of showing that the failure to disclose was substantially justified or harmless lies with the party facing sanctions. *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosure by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs. Inc.*, 541 F. 3d 1175, 1179 (9th Cir. 2008).

Rule 37(c)(1) sanctions have been described "as a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor*

4

1  *Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Nevertheless, district courts have great discretion in
2  deciding whether to issue sanctions under Rule 37(c)(1).  *Id.*  ("[A]lthough we review every
3  discovery sanction for an abuse of discretion, we give particularly wide latitude to the district
4  court's discretion to issue sanctions under Rule 37(c)(1)").  In exercising that discretion here the
5  court is also guided by the requirement that where imposing a Rule 37(c)(1) sanction amounts to
6  dismissal of a claim, the court is required to consider whether noncompliance involved
7  willfulness, fault, or bad faith, and also the availability of lesser sanctions.  *R & R Sails*, 673 F.3d
8  at 1247-48; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (requiring a
9  district court to consider the possibility of a continuance in determining whether to impose
10  sanctions under Rule 37(c)(1)).

11  As stated at the December 18, 2013 hearing, the evidence before the court establishes that
12  plaintiff violated Rule 26(a) and (e).  Plaintiff was first put on notice that his initial disclosures
13  did not contain a computation of damages as required by Rule 26(a)(1)(A)(iii) on December 20,
14  2011. ECF No. 70-2 at 16-17 (Ex. C).  Because plaintiff failed to supplement his initial
15  disclosures with a computation of damages, on August 15, 2012, during plaintiff's deposition,
16  defendants' counsel specifically asked plaintiff if he had any information regarding the damages
17  he sought for lost benefits.  *Id*. at 35 (Ex. F).  Defendants were only notified that a calculation to
18  be completed by an expert would be forthcoming.  *Id*.  However, it was not until September 14,
19  2012, after the close of discovery, that plaintiff provided an expert report disclosing that he was
20  seeking more than $675,000 in damages.  *Id*. at 64 (Ex. J).  In calculating this figure, the expert
21  relied on documents that were not provided to defendants notwithstanding plaintiff's obligation to
22  "make available for inspection and copying" the documents used in calculating damages and the
23  Rule 26(e)'s requirement that plaintiff supplement his initial disclosures in a timely manner.  *Id*.
24  at 64 (Ex. J), 80-81 (Ex. K).

25  Plaintiff waited nearly nine months from the time he was first notified by defendants that
26  his initial disclosures were deficient.  By the time plaintiff provided defendants with a calculation
27  for damages, the discovery cut-off date had passed and defendants were precluded from
28  conducting additional discovery on this issue.  Plaintiff's failure to timely provided any

information concerning the calculation of his lost-benefits damages until after discovery had closed is a violation of Rule 26(a) and (e).

Further, the court cannot find that the violation was substantially justified. Plaintiff was given adequate notice that his initial disclosures were deficient. Notwithstanding his assurances that the computation would be forthcoming, plaintiff was not diligent in providing defendants with the requested information. At the hearing, plaintiff argued that he was not able to produce a calculation of damages at an earlier time because more discovery was needed to compute plaintiff's lost-benefits damages. Even if this were true, there is no explanation for why plaintiff did not disclose and make available to defendants the documents that his expert intended to use in calculating damages. Plaintiff disregarded his obligation to supplement his initial disclosures, *see* Fed. R. Civ. P. 26(e), and only supplied the documents relied upon by his expert after defendants notified him that these documents were never provided, *see* ECF No. 70-2 at Exs. J, K, L. The court cannot find any justification for these failures to comply with the disclosure rules.

Furthermore, the violation was not harmless. Defendants' counsel's declaration states that had she "known that plaintiff was seeking to recover a lifetime of actual retirement benefits and not just make-up contributions into the FERS system, among other things, [she] would have conducted additional discovery into plaintiff's finances and would have subpoenaed records from plaintiff's current employer regarding his salary and benefits, including any retirement benefits, and [she] would have asked plaintiff questions about his non-VA retirement benefits in written discovery and at his deposition. [She] would have subpoenaed plaintiff's medical records and hired medical and life expectancy experts to challenge plaintiff's expert's life expectancy assumptions, and a vocational rehabilitation expert to analyze plaintiff's earning and benefits potential in the private sector as compared to the public sector." ECF No. 77-1 at 3-4. With defendants having no information concerning damages for lost benefits before the close of discovery, defendants' discovery efforts were greatly hindered.

Having concluded that plaintiff violated Rule 26(a) and (e) and that the violation was not substantially justified or harmless, the remaining question is what sanction is appropriate.

/////

1  Defendants argue that exclusion of the evidence is automatic and that consideration of less
2  draconian alternative remedies is not required, or even permissible.  At the hearing, defense
3  counsel essentially argued that the court may not consider the availability of other sanctions in
4  light of *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175 (9th Cir. 2008).  In *Hoffman*,
5  the Ninth Circuit "reject[ed] the notion that the district court was required to make a finding of
6  willfulness or bad faith to exclude damages evidence." *Id*. at 1180.  However, the sanction in that
7  case did not effectively amount to a dismissal of a claim. *Id.; see also R & R Sails, Inc.*, 673 F.3d
8  at 1247 n.1 ("And although in Hoffman we rejected the notion that the district court was required
9  to make a finding of willfulness or bad faith to exclude damages evidence . . . in that case . . . the
10 preclusion sanction did not amount to the dismissal of a cause of action.").  Furthermore, the
11 Hoffman court did not hold that exclusion sanctions are mandatory when a court finds that the
12 violation was not substantially justified or harmless.  Rather, Hoffman stated that district courts
13 have wide discretion to issue sanctions under Rule 37(c)(1).  541 F.3d at 1178 ("[W]e give
14 particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)").
15 Further, the Ninth Circuit has admonished that "evidence preclusion is, or at least can be, a harsh
16 sanction," (*R & R Sails, Inc.*, 673 at 1247 (quotation marks omitted)) and therefore, when the
17 exclusion of evidence amounts to a dismissal of a claim, a court must consider whether the parties
18 noncompliance involved willfulness or bad faith, and also the availability of lesser sanctions." *Id*.
19     Defendants argued at the hearing that *R & R Sails, Inc.* does not apply here because they
20 do not seek to bar all evidence of lost benefits.  While exclusion of all evidence concerning
21 plaintiff's lost benefits above $20,000 does not completely foreclose any relief on his claims, it
22 diminishes a claim of approximately $675,000 to $20,000.  Limiting damages to this amount
23 would preclude consideration on the merits of plaintiff's claim to $655,000 of alleged lost
24 benefits.  That would effectively eviscerate plaintiff's claim.  Accordingly, the court in exercising
25 its discretion under Rule 37(c)(1) declines to impose a sanction of the severity sought here.  The
26 court is cognizant that plaintiff has failed to comply with the deadlines established in this case in
27 this case.  Just as "[d]eadlines must not be enforced mindlessly . . . ," *Wong v. Regents of Univ.*
28 *of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005), the severity of the sanction here must take account

of whether the harm caused to the defendants' ability to respond to and defend against plaintiff's claim can be remedied by a less draconian sanction.  Here, the instant dispute can more equitably be resolved by permitting defendants to conduct the very discovery they otherwise would have performed to provide them an opportunity to gather rebuttal evidence relating to plaintiff's claim for lost benefits.  This will, of course, result in the trial date being vacated and a revised schedule being set.  Further, for reasons stated on the record at the December 18, 2013 hearing, the court also orders plaintiff to pay defendants the reasonable expenses incurred in bringing the instant motion for sanctions.  These sanctions avoid the harsh consequence of excluding plaintiff's evidence, while providing defendants with a fair opportunity to mount a defense and show why, in their view, plaintiff's claim for lost benefits lacks merit.

III.    CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to modify the scheduling order, ECF No. 70, is granted.

2. Defendants' motion for Rule 37(c)(1) sanctions, ECF No. 70, is granted in part and denied in part.

3. The November 18, 2011 scheduling order is modified to permitted defendants to conduct discovery relating to the issue of plaintiff's damages.  Defendants' discovery on this issue shall be completed by June 30, 2014.  Any motion to compel under this revision must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than June 4, 2014.  This revision does not reopen discovery for the plaintiff.

4. Plaintiff shall reimburse defendants for the costs and reasonable expense incurred in bringing this motion.

5. Within 14 days of the date of this order, defendants shall file a declaration identifying the reasonable expenses incurred in making its motion.

6. Any response to the declaration shall be filed within seven days thereafter.

7. All dates heretofore set are vacated.  The court sets a supplement Pretrial Conference on August 6, 2014 at 10:00 a.m. in Courtroom No. 8.  The parties may file a joint supplement pretrial statement not later than July 23, 2014.

8.  Failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanction, evidentiary sanctions, and/or dismissal of this action.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2).

Dated:  January 8, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE