UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BONZANI,<br><br>            Plaintiff,<br><br>      v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs; SCOTT HUNDAHL, M.D.,<br><br>            Defendants. | No.  2:11-cv-00007-EFB<br><br><br><br>ORDER |

Plaintiff has filed an ex parte application for an order shortening time for a hearing on his motion to quash five subpoenas issued by defendants. ECF No. 97. Good cause appearing, plaintiff's ex parte motion for an order shorting time is granted. Further, for the reasons stated below, plaintiff motion to quash is denied.[1]

I.      Procedural History

Defendants previously filed a motion for evidentiary sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(c)(1). ECF No. 70. Defendants argued that plaintiff should be precluded from introducing evidence at trial relating to damages for lost benefits based on

---

[1] Plaintiff filed the instant motion on May 23, 2014, originally seeking to quash one subpoena. ECF No. 97. The court entered a minute order on that date directing defendants to file a response. ECF No. 98. Later that day, plaintiff filed an addendum, requesting the court quash four other subpoenas. ECF No. 99. Defendants have filed an opposition addressing the merits of the motion as to all five subpoenas. ECF No. 100. Likewise, the court addresses all five subpoenas herein.

1

1    plaintiff's failure to timely provide defendants with a computation of damages as required by
2    Rule 26(a). That motion was granted in part and denied in part. ECF No. 80. The court found
3    that plaintiff had violated Rule 26(a) and (e). Specifically, plaintiff's initial disclosures did not
4    contain a computation of damages as required by Rule 26(a)(1)(A)(iii). Although plaintiff was
5    put on notice that his initial disclosures were deficient, plaintiff waited until after the close of
6    discovery to provide an expert report that disclosed that plaintiff was seeking more than $675,000
7    in damages. Furthermore, in calculating this figure, the expert relied on documents that were not
8    provided to defendants notwithstanding plaintiff's obligation to make available for inspection and
9    copying the documents used in calculating damages and Rule 26(e)'s requirement that plaintiff
10   supplement his initial disclosures in a timely manner. *Id*. at 5.

11           The court further found that plaintiff's violation of Rule 26(a) and (e) was neither
12   substantially justified nor harmless. *Id*. at 6. Although defendants gave plaintiff adequate notice
13   that his initial disclosures were deficient, plaintiff was not diligent in providing defendants with
14   the requested information. As a result, defendants were deprived of the opportunity to conduct
15   discovery into plaintiff's damages. However, Ninth Circuit law requires the district court "to
16   consider the availability of lesser sanctions" [than evidentiary or terminating sanctions] and has
17   "reaffirm[ed] the existence of that requirement when a district court conducts the harmlessness
18   inquiry required under Rule 37(c)(1)." *R & R Sails, Inc. v. Insurance Co. of Pennsylvania,* 673
19   F.3d 1240, 1246 (9th Cir. 2012). Here, the harm was capable of mitigation though less draconian
20   remedies. In light of the requirement noted in *R & R Sails*, rather than preclude plaintiff from
21   introducing evidence regarding his damages at trial, monetary sanctions were imposed and the
22   scheduling order was modified to permit defendants to conduct additional discovery relating to
23   the issue of plaintiff's damages. *Id*. at 7-8. Defendants were given until June 30, 2014 to conduct
24   discovery on this issue. *Id*. at 8. But even that less harsh remedy has met resistance.

25           On February 11, 2014, defendants filed a motion to compel seeking, among other things,
26   an order compelling plaintiff to respond to interrogatories about plaintiff's retirement benefits as
27   they relate to damages. ECF No. 83. Plaintiff took the mistaken position that such a discovery
28   request was outside the scope of the court's January 8 order because it sought information that

2

1  was created subsequent to the original August 31, 2012 discovery cutoff date. Plaintiff argued,
2  erroneously, that because the January 8 order was intended to permit defendants to "conduct the
3  very discovery *they would have conducted* had plaintiff complied with the discovery rules" (ECF
4  No. 91 at 5 (emphasis in original)), defendants were precluded from seeking discovery of any
5  evidence that was not available at the time of the original discovery cutoff date. *Id*. Although
6  that motion was denied due to the parties' failure to adequately meet and confer as required by
7  Local Rule 251(b), the court took the opportunity at the March 5, 2014, hearing[2] to clarify that
8  additional damages discovery permitted by the January 8 order is not limited discovery in the
9  manner plaintiff suggested. Rather, the order was intended to permit defendants to "take all of
10 the discovery that they need . . . [relating to plaintiff's] claim for damages and the amount of
11 damages." ECF No. 96 at 15. A summary order issued after the hearing confirming that
12 defendants were entitled to documents created after the original August 31, 2012 discovery
13 cutoff. ECF No. 95 at 2 n.1.
14     On May 23, 2014, plaintiff filed his application for an order shortening time and the
15 instant motion to quash. ECF No. 97.
16 II.    The Subpoenas
17     Defendants' counsel, Ms. Ernce, deposed plaintiff on May 20, 2014. Declaration of
18 Joanne DeLong ("DeLong Decl.") ¶ 3. At the deposition, plaintiff testified that he started
19 working for a new medical professional group, Anesthesia & Analgesia Medical Group, Inc.
20 ("AAMGI"), on April 28, 2014. *Id*. ¶ 4. On May 21, 2014, Ms. Ernce served a subpoena on
21 AAMGI, requesting the production of documents relating to plaintiff's compensation and benefits
22 by June 4, 2014. Declaration of Lynn Trinka Ernce, ECF No. 102, ("Ernce Decl.") ¶ 3; DeLong
23 Decl. Ex. A. On May 22, 2014, plaintiff's counsel, Ms. DeLong, received a copy of the subpoena
24 issued to AAMGI. DeLong Decl. ¶ 6.

---

[2] The court also heard arguments on defendants' motion to modify the scheduling order, ECF No. 83, defendants' motion for imposition of exclusionary sanction pursuant to Rule 37(c)(1), *id*., and defendants' motion for reconsideration of the court's January 8, 2014 order, ECF No. 85. The court denied plaintiff's request for reconsideration. ECF No. 95. The other two motions are not pertinent to the instant dispute.

On May 23, 2014, Ms. DeLong sent an email to Ms. Ernce explaining that she intended to move to quash the subpoena served on AAMGI because it was overbroad and defendants failed to provide proper notice as required by Rule 45(a)(4).  *Id.* ¶ 7, Ex. B.; Ernce Decl. ¶ 4.  Ms. Ernce stated that she would re-issue the subpoena to cure the notice defect, but explained that she disagreed with Ms. DeLong's position that the subpoena was overbroad.  DeLong Decl. Ex B. On May 23, 2014, Ms. Ernce emailed notice to both Ms. DeLong and co-counsel that defendants were re-serving the AAMGI subpoena, which was identical to the prior subpoena except that the deadline for production was extended to June 6, 2014.  Ernce Decl. ¶ 6.  Ms. Ernce also notified plaintiff's counsel that she was re-serving document subpoenas that had been served on May 22, 2014 to Morpheus Anesthesia, Inc., plaintiff's former employer, Queen of the Valley Medical Center, a medical center where plaintiff presently performs services through AAMGI, Queen of the Valley Medical Center Foundation, and U.C. Davis Medical Center.  *Id.*  The email sent to counsel included a copy of the five subpoenas Ms. Ernce subsequently re-served.  *See* Attach. to Ernce Decl.  Plaintiff now moves to quash these five subpoenas.  ECF No. 97.

III.   Ex Parte Application for Order Shorting Time

Plaintiff requests an order shortening time for a hearing on his motion to quash defendants' subpoenas, arguing that there is insufficient time to bring a regularly-noticed motion.  ECF No. 97.  Local Rule 251(a) provides that all discovery motions shall be noticed for hearing on a date at least twenty-one days from the date the motion is filed.  Each subpoena requires that all responsive documents be produced no later than June 6, 2014.  Thus, the procedures provided by Local Rule 251 would not permit a timely resolution of the dispute.  Accordingly the application to shorten time is granted.[3]

IV.   Motion to Quash

As set forth in Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

[3] However, the motion can be resolved without oral argument.  *See* E.D. Cal. L.R. 230(g).

1  discovery of admissible evidence." Relevancy for purposes of discovery has been construed

2  broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that

3  could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437

4  U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

5  Under Rule 45, any party may serve a subpoena on a non-party commanding the

6  production of designated documents for inspection. Fed. R. Civ. P. 45(a)(1)(A)(iii). However,

7  Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is

8  required must quash or modify a subpoena that: fails to allow a reasonable time to comply; (ii)

9  requires a [non-party to travel more than 100 miles]; (iii) requires disclosure of privileged or other

10 protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

11 Further, "[t]o protect a person subject to or affected by a subpoena, the court for the district where

12 compliance is required may, on motion, quash or modify the subpoena if it requires: (1)

13 disclosing a trade secret or other confidential research, development, or commercial information,

14 or; (ii) disclosing an unretained expert's opinion or information . . . ." Fed. R. Civ. P.

15 45(d)(3)(B).

16 Plaintiff argues that the subpoenas must be quashed because (1) defendants failed to give

17 plaintiff prior notice; (2) the subpoenas do not provide for a reasonable time to comply; (3) the

18 subpoenas seek information outside the scope of the court's January 8, 2014 order reopening

19 discovery; and (4) the subpoenas seek irrelevant information. ECF No. 97-1 at 2-5; ECF No. 99

20 at 2-4.

21    A.    Rule 45(a)(4)'s Notice Requirement

22 Plaintiff's argument that defendants failed to give proper notice as required by Rule

23 45(a)(4) is moot. The rule provides that "[i]f the subpoena commands the production of

24 documents, electronically stored information, or tangible things or the inspection of premises

25 before trial, then before it is served on the person to whom it is directed, a notice and a copy of

26 the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The Advisory Committee

27 Notes to the 2013 amendment to Rule 45(a) explain that the purpose of the notice requirement is

28 /////

5

to enable the other parties to object to the subpoena or to serve a subpoena for additional materials.

There is no dispute that defendants failed to give plaintiff prior notice. However, the defect was cured by reserving the subpoenas. The parties do not dispute that the defendants provided plaintiff with notice prior to re-serving the five subpoenas. Although plaintiff asserts "that any attempt to re-serve these subpoenas does not negate the initial failure to provide notice to the other parties pursuant to Rule 45(a)(4) because these subpoenas have already been served" (ECF No. 99), the argument is without merit. Plaintiff seems to suggest that the rule provides a party with a single shot at issuing a subpoena correctly and that any procedural defect will forever foreclose the party from correcting the subpoena and obtaining the information. Not surprisingly, this argument is unaccompanied by citation to any authority. There is simply no basis for the proposition that a defect in a subpoena cannot be corrected by reissuing a new subpoena.

Furthermore, permitting a party to re-serve a subpoena after providing notice serves the purpose of the rule, which is to provide parties with an opportunity to object to the subpoena and to respond appropriately to any such objections. Here, plaintiff received notice and has also had an opportunity to voice his objections through the instant motion to quash. The motion quash the subpoenas on this procedural ground is denied.

B.      Reasonable Time to Comply

Plaintiff also argues that the subpoenas do not provide a reasonable time to comply. ECF No. 97-1 at 2. As noted previously, plaintiff has had adequate notice and an opportunity to object to the subpoenas. However, as to whether the responding party needs more than the 14 days, the responding parties here have not objected on that basis nor sought an extension of time and plaintiff has submitted nothing to establish his standing to assert the argument on behalf of those responding parties. *See Finley v. Pulcrano*, No. C 08-0248 PVT, 2008 WL 4500862, at * 1 (N.D. Cal. Oct. 6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."); *Kremen v. Cohen*, No. C11-05411 LKH (HRL), 2012 WL 2277857, at *3

/////

(N.D. Cal. June 18, 2012) (finding that defendant did not have standing to withdraw subpoena based solely on ground that the subpoenas violated the rights of third-parties).

Nor has plaintiff shown that the 14 day response time is unreasonable here. A court must quash or modify a subpoena that fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(ii). "Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory." William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 11:2277 (The Rutter Group 2014). While ordinarily a response time of 14 days or more would appear reasonable, Rule 45 specifically contemplates circumstances where the response time might be less. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Here, the five subpoenas at issue were re-served by mail on May 23, 2014. ECF No. 102 at 12, 18, 23, 28, 34. Each subpoena required the requested documents to be produced by June 6, 2014, which is a response time of 14 days. *Id.* at 6, 14, 20, 25, 30. These are not burdensome requests. Given the limited amount of documents requested and the absence of a request by the responding party to extend the time period, the response time provided is reasonable.

The AAMGI subpoena seeks documents relating to plaintiff's employment application, hiring, and work schedule, as well as plaintiff's compensation and benefits, any retirement plan offered to plaintiff, and tax documents. ECF No. 102 at 8-10. Considering that plaintiff only began his employment with AAMGI in April 2014, the number of responsive documents is not likely to be extensive. Furthermore, the documents should be readily obtainable through a reasonable search of plaintiff's personnel file. As for the Morpheus Anesthesia subpoena, it seeks documents concerning plaintiff's 2014 compensation, any severance package provided, plaintiff's termination, and any compensation or retirement benefits plaintiff received. ECF No. 102 at 16. This request also spans a limited period of time and seeks documents that should be easily obtained.

The subpoenas served on Queen of the Valley Medical Center Foundation and Queen of the Valley Medical Center only seek documents relating to plaintiff expressing interest in

7

1  employment. *Id*. at 20, 25. The burden of producing such documents is likely minimal. Again,
2  no responding party has asserted a need for additional time to respond. Lastly, the subpoena
3  served on U.C. Davis Health Systems only seeks plaintiff's medical records from January 1, 2014
4  to present. Any responsive documents are likely to be obtained through a simple computer
5  search.

6        Given the absence of any request for an extension of time by any responding party, the
7  limited documents requested, and that fact that such documents are likely to be readily accessible,
8  the court finds that the subpoenas at issue provided each responding party adequate time to
9  comply.

10        C.    <u>Scope of the January 8, 2014 Order</u>

11        Plaintiff next argues that the subpoenas seek discovery outside the scope of the January 8
12  order. According to plaintiff, "[d]iscovery in this case has been re-opened to allow Defendants to
13  acquire additional evidence regarding Plaintiff's damages, specifically retirement benefits." ECF
14  No. 99 at 3. Plaintiff's reading of the court's ruling is unduly narrow.

15        The subpoena served on AAMGI seeks plaintiff's employment application; documents
16  concerning AAMGI's decision to hire plaintiff, including correspondences regarding plaintiff's
17  compensation; W-2s; plaintiff's work schedule; vacation days and leave schedule for 2014 and
18  2015; and documents concerning plaintiff's compensation and benefits. ECF No. 102 at 8-10.
19  Plaintiff's contention that these documents are outside the court's January 8 order (ECF No. 91-1
20  at 3) is based on the mistaken predicate that the court permitted defendants additional damages
21  discovery only on the limited issue of retirement benefits. *Id*. That is not the case.

22        While the court's March 6, 2014 order denying defendants' motion to compel made clear
23  that defendants were entitled to discover evidence relating to plaintiff's retirement benefits, that
24  order did not expressly limit the additional damages discovery to that issue alone. Indeed, at the
25  hearing the court specifically admonished plaintiff that the January 8 order reopened discovery
26  relating to plaintiff's claims for damages. *See* ECF No. 96 at 15. The documents requested in
27  AAMGI's subpoena specifically concern plaintiff's compensation, the amount of time plaintiff
28  works, and his retirement benefits. Such information may be utilized by an expert witness to

1  form an opinion on plaintiff's claim for lost benefits.  Accordingly, such information is relevant
2  to plaintiff's damages claim and falls within the scope of the January 8 order.

3  The subpoenas served on Queen of the Valley Medical Center and Queen of the Valley
4  Medical Center Foundation seek plaintiff's employment application, resume, or other expressions
5  of interest in employment.  ECF No. 102 at 20, 25.  Information regarding where and when
6  plaintiff applied for jobs after his employment with VA is relevant to whether plaintiff adequately
7  attempted to mitigate his damages.  Accordingly, these subpoenas seek information concerning
8  plaintiff's claim for damages and therefore do not exceed the scope of the January 8 order.

9  The subpoenas served on Morpheus Anesthesia, Inc. specifically seeks documents relating
10 to plaintiff's compensation in 2014, any severance package, retirement benefits, plaintiff's
11 termination, and the disposition of plaintiff's stock shares or funds held by Morpheus Anesthesia.
12 Plaintiff's only objection to this subpoena is that it seeks the production of documents relating to
13 his termination, which could include non-financial documents.  ECF No. 99 at 3.  In their
14 opposition, defendants clarify that they are only seeking termination documents that relate to
15 plaintiff's compensation, benefits, or other monetary items that will be paid by Morpheus to
16 plaintiff after his departure date.  ECF No. 100 at 7.  The court will therefore modify the
17 subpoena and only require the production of documents related to plaintiff's termination that are
18 financial in nature.

19 Lastly, plaintiff argues that the subpoena served on U.C. Davis Health System, which
20 seeks plaintiff's medical records from 2014 to present, is outside the scope of discovery.  Again,
21 the January 8 ruling is not as narrow as plaintiff suggests.  While the court found that plaintiff's
22 failure to provide a computation of damages prior to close of discovery improperly deprived
23 defendants of the opportunity to conduct discovery relating to plaintiff's claim for retirement
24 benefits, it also observed that defendants had been impeded from discovering the need to
25 subpoena plaintiff's medical records or hire a medical and life expectancy expert to challenge
26 plaintiff's expert's life expectancy assumptions.  ECF No. 80 at 6.  *Id*.

27 Furthermore, plaintiff's deposition testimony suggests that he may be experiencing health
28 issues that may impact how long he can work as an anesthesiologist and when he will retire.  *Id*.

9

at 6. In light of that suggestion, the court cannot agree that the requested evidence is not relevant to plaintiff's damages claim. Indeed, such evidence would likely be utilized by an expert in providing an opinion as to plaintiff's expected retirement benefits.

Accordingly, this subpoena, as well as the other four subpoenas, seek information within the scope of January 8 order.

D. <u>Temporal Relevance</u>

Plaintiff also argues that the subpoena issued to AAMGI seeks information that is irrelevant in light of the timing of this case. The thrust of the argument is difficult to follow. However, plaintiff argues that the retirement plan offered by AAMGI is irrelevant because plaintiff will not be participating in AAMGI's retirement plan until September 2014. ECF No. 97-1 at 3. Plaintiff asserts that because he will not be participating in the plan until "the trial in this case will be on the verge of commencement," information about the plan and plaintiff's eligibility under it is somehow not relevant. *Id*. It is not precisely clear from the argument why plaintiff is not participating in his employer's retirement plan until September 2014. Either he is contributing to and covered by such a plan, or not. But whether he is has relevance. So too does information regarding the provisions of such a plan and plaintiff's eligibility. The requested documents would show whether a plan exists, the requirements for participation, and whether plaintiff is currently eligible to participate. If plaintiff has unilaterally decided not to participate despite his eligibility, defendants are entitled to discover that information as it would be relevant to whether plaintiff has mitigated damages.

Plaintiff further argues that the AAMGI subpoena seeks plaintiff's W-2 form. ECF No. 97-1 at 4. This argument is moot. Defendants' opposition states that they are willing to withdraw their request for plaintiff's W-2 to resolve this dispute. ECF No. 100 at 5. The court will therefore modify the subpoena to exclude defendants' request for plaintiff's W-2 form.

Plaintiff takes issue with defendants' request for AAMGI to produce information concerning plaintiff's vacation and leave schedule for 2015. The objection is not intelligible. Plaintiff appears to believe that requesting the information renders the subpoena overly broad because the information may not yet be available. If AAMGI does not have such documents

because they have yet to be created, AAMGI is obliged to respond that it does not possess any responsive documents.[4]

V. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an ex parte order shorting time, ECF No. 97, is granted.

2. Plaintiff's motion to quash, ECF No. 97, is denied.

3. The subpoena served on Morpheus Anesthesia, Inc. is modified as follows: Morpheus Anesthesia Inc. need not produce non-financial documents concerning plaintiff's termination. The only termination documents that must be produced are documents relating to compensation, benefits, or other monetary items paid by Morpheus to plaintiff after the termination of his employment.

4. The subpoena served on Anesthesia & Analgesia Medical Group, Inc. is modified as follows: Anesthesia & Analgesia Medical Group, Inc. need not produce plaintiff's W-2 form.

DATED: June 4, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff does not specifically argue that such information is unavailable. Rather, plaintiff only observes that this information pertains to the 2015 calendar year.